# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES SUDBERRY,                                  Case No. 1:17-cv-45
      Petitioner,

                                         Barrett, J.
      vs.                                        Litkovitz, M.J.

WARDEN, LEBANON                                  **REPORT AND**
CORRECTIONAL INSTITUTION,                        **RECOMMENDATION**
      Respondent.


     In this *pro se* habeas corpus action filed pursuant to 28 U.S.C. § 2254, petitioner challenges his 2011 conviction for assault on a corrections officer in a case before the Warren County, Ohio, Court of Common Pleas. (*See* Doc. 4, at PAGEID#: 36; *see also* Doc. 2, p. 1 & n.1, at PAGEID#: 25). On January 25, 2017, the undersigned issued an Order granting petitioner's application to proceed *in forma pauperis* and ordering the petitioner to submit a signed petition and to show cause in writing "why this action should not be transferred to the Sixth Circuit Court of Appeals as a successive petition." (*See* Doc. 2). The petitioner has complied with the January 25, 2017 Order by submitting both a signed petition and a response to the show-cause order. (Docs. 3-4). Petitioner's submissions were filed on February 16, 2017. (*See id.*). This matter is now before the Court on petitioner's response to the show-cause order. (Doc. 3).

     As discussed in the January 25, 2017 Order (*see* Doc. 2), this is not the first habeas corpus petition that petitioner has filed with this Court challenging his 2011 Warren County Common Pleas Court conviction. In a prior *pro se* petition, which petitioner submitted for filing in August 2014 together with an *in forma pauperis* application, petitioner raised claims generally alleging "police brutality," ineffective assistance of counsel, "biased judge," and "impartial

jury." *See Sudberry v. Warden, Southern Ohio Corr. Facility*, No. 1:14-cv-676 (Barrett, J.;

Bowman, M.J.) (Docs. 1-2).  On September 2, 2014, the magistrate judge granted petitioner

leave to proceed *in forma pauperis*, but also recommended that the petition be dismissed with

prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts, 28 U.S.C. foll. § 2254, on the ground that it was "clear from the face of the

petition that the petitioner's grounds for relief are time-barred under the applicable one-year

statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A)." *Id.* (Doc. 3). It appears from this

Court's docket record for Case No. 1:14-cv-676 that petitioner next filed an objection to the

Report and Recommendation and, a month later, filed with the United States Court of Appeals

for the Sixth Circuit an application for authorization to file a second or successive § 2254

petition. *See id.* (Docs. 5-6).  On June 1, 2015, the Sixth Circuit denied petitioner's application

to file a second or successive petition.  (Doc. 6).  Thereafter, on July 6, 2015, the District Court

issued an Order and Judgment overruling the petitioner's objections to the magistrate judge's

September 2, 2014 Report and Recommendation and dismissing the petition with prejudice on

the ground that it was "clear from the face of the petition that it is barred by the applicable one-

year statute of limitations set forth in 28 U.S.C. § 2244(d)." *See id.* (Docs. 7-8). Petitioner did

not pursue an appeal to the Sixth Circuit from the District Court's final ruling in the case.

 In his response to the January 25, 2017 show-cause order, petitioner does not dispute that

he is challenging the same conviction that was attacked by him in Case No. 1:14-cv-676.  (*See*

Doc. 3).

 Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim

presented in a second or successive habeas corpus petition that was raised in a prior petition.  In

addition, the court must dismiss a claim presented in a second or successive petition, which the

2

petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

In this case, because the instant petition relates to the same conviction or sentence under attack in the prior petition, it appears to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). Although a dismissal of a prior habeas petition relating to the same conviction or sentence will not render the subsequent petition successive if the dismissal is based on technical reasons that do not constitute an adjudication "on the merits," *see Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998),[1] it is

---

[1] Specifically, courts have held that a later petition is not successive where the first petition was dismissed as premature, *see Stewart,* 523 U.S. at 645; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder,* 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey,* 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

3

well-settled that when the prior petition is dismissed because the petitioner procedurally

defaulted his claims in state court or because the petition is barred by the statute of limitations,

the dismissal is an adjudication of the merits of the claims, and the petitioner must obtain prior

authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent

federal habeas application.  *See In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (involving

procedural-default dismissal); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998)

(same); *See also In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (and cases cited therein)

(involving statute-of-limitations dismissal); *McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir.

2009) (same); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005) (same); *Altman v. Benik,* 337

F.3d 764, 766 (7th Cir. 2003) (same); *Stokes v. Gehr,* 399 F. App'x 697, 699  n.2 (3rd Cir. 2010)

(same); *Womble v. Brewer*, No. 16-13739, 2016 WL 6893777, at \*3 (E.D. Mich. Nov. 23, 2016)

(same); *Edwards v. Warden, Ross Corr. Inst.*, No. 1:10cv637, 2011 WL 901379, \*1 (S.D. Ohio

Jan. 10 2011) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein) (same),

*adopted*, 2011 WL 901378 (S.D. Ohio Mar. 14, 2011) (Dlott, J.).[2]

　　　Here, petitioner's *pro se* petition for a writ of habeas corpus is "successive" within the

meaning of § 2244(b) because petitioner's prior habeas petition, which was dismissed with

prejudice on statute-of-limitations grounds, was adjudicated on the merits.  Moreover, petitioner

is not contesting any "new judgment," such as a new sentence imposed on resentencing, that

occurred between the habeas proceedings.  *See Magwood v. Patterson*, 561 U.S. 320, 331-39

(2010).  It appears from the face of the instant petition that petitioner is asserting four grounds

for relief that are substantially similar, if not identical, to the four claims that were presented in

his prior habeas petition. (*See* Doc. 4, at PAGEID#: 39-40, 42-44).  To the extent that petitioner

---

[2] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

seeks to posit new claims that were not asserted in his prior petition, the claims are still

successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown they rely on a new

rule of constitutional law, made retroactive to cases on collateral review by the United States

Supreme Court, that was previously unavailable; or (2) that the factual bases for the new claims

could not have been discovered previously through the exercise of due diligence, **and** such facts

would be sufficient to establish by clear and convincing evidence that, but for constitutional

error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.

After reviewing petitioner's response to the January 25, 2017 show-cause order (*see* Doc. 3), the

undersigned is convinced that petitioner has not satisfied the jurisdictional standards set forth in

§ 2244(b), which would permit this Court to review the instant petition.[3]

Accordingly, in sum, because the instant habeas corpus petition is successive within the

meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of

prior authorization by the Sixth Circuit.  When a prisoner has filed a successive petition for

habeas corpus relief in the district court without first obtaining authorization from the Court of

Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to

transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re

Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir.

1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at

*2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16,

---

[3] Construing petitioner's response liberally, it appears that petitioner is arguing that the Sixth Circuit would not entertain his case, but rather instructed him to "go to lower courts & exhaust his claims" before seeking habeas relief. (*See* Doc. 3).  However, upon review of the prior case, it appears the Sixth Circuit merely denied petitioner's application for authorization to file a second or successive petition while the Report and Recommendation was pending before the District Court to deny the petition on statute-of-limitations grounds.  The District Court's subsequent adoption of the Report and Recommendation amounted to an adjudication of the merits of that petition. Neither the Sixth Circuit's ruling on the application for authorization nor the District Court's final Order and Judgment in Case No. 1:14-cv-676 remotely suggests that the prior case was not adjudicated "on the merits" or was disposed in a way to permit petitioner to exhaust remedies before seeking to file a subsequent petition.

2015) (Economus, J.). Therefore, it is **RECOMMENDED** that the instant petition be transferred to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain it.

### IT IS THEREFORE RECOMMENDED THAT:

Because this Court lacks jurisdiction in this matter involving a successive habeas petition within the meaning of 28 U.S.C. § 2244(b), petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the Sixth Circuit for further proceedings as required under 28 U.S.C. § 2244(b)(3).

Date: 2/28/17

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES SUDBERRY,                                         Case No. 1:17-cv-45
        Petitioner,

                                                        Barrett, J.
        vs.                                             Litkovitz, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
        Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc